NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-987

JAMES RASMUSSEN

VERSUS

MANN'S CONSTRUCTION CO., ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20066362
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Warren A. Perrin
Perrin, Landry, deLaunay, Dartez & Ouellet
P. O. Box 53597
Lafayette, LA 70505
(337) 237-8500
Counsel for Plaintiff-Appellant:
James Rasmussen

Eric J. Waltner
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1400
Counsel for Defendant-Appellee:
Mann's Construction Co.

**PICKETT, Judge.**

The plaintiff-appellant, James Rasmussen, appeals the trial court's judgment granting the motion for summary judgment filed by Mann's Construction, Inc., and dismissing his suit against Mann's Construction, Inc.

## STATEMENT OF THE CASE

Mr. Rasmussen was an employee of L. F. I. Fort Pierce, Inc. d/b/a Labor Finders. Pursuant to an agreement between Labor Finders and Mann's Construction, Mr. Rasmussen was on the job site at The Ranch Outlet in Lafayette Parish. Mann's Construction had been hired as a general contractor by The Ranch Outlet to do demolition work. While on the site in the performance of his job duties, Mr. Rasmussen injured his back when Paul Crain, an employee of Mann's Construction, negligently dropped the bucket of a bobcat.

Mr. Rasmussen sued Mann's Construction, Mr. Crain, and their insurer. Mann's Construction filed a Motion for Summary Judgment alleging that as the statutory employer of Mr. Rasmussen, Mr. Rasmussen was precluded from recovery in tort. Following a hearing, the trial court granted summary judgment in favor of Mann's Construction. Mr. Rasmussen now appeals.

## ASSIGNMENT OF ERROR

Mr. Rasmussen asserts one assignment of error:

[T]he trial court erred in granting the Motion for Summary Judgment of Mann's Construction finding it the statutory employer of the Plaintiff despite not having a written contract with Plaintiff's direct employer (Labor Finders)[.]

## DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

Mann's Construction claims it is the statutory employer of Mr. Rasmussen and therefore is immune from tort liability in this case. The concept of statutory employer as it applies to immunity from tort liability is found in La.R.S. 23:1061(A):

> (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

> (2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

1

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

Louisiana Revised Statutes 23:1032(A)(2) defines principal as "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof."

There is no evidence in the record to support a finding that Mann's Construction is a statutory employer because there is no written contract between Labor Finders and Mann's Construction recognizing employees of Labor Finders as statutory employees of Mann's Construction. Thus, the situation required for La.R.S. 23:1061(A)(3) to apply is clearly not present in this case.

The supreme court discussed the requirements of La.R.S. 23:1061(A)(2), often called the "two contract" defense, in *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority*, 02-1072, p. 8 (La. 4/9/03), 842 So.2d 373, 379:

The "two contract" defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed.

In the instant case, there is no dispute that Mann's Construction entered into a contract with The Ranch Outlet, and pursuant to that contract certain demolition work

2

was to be performed. In the contract, in fact, the parties specifically included a provision that Mann's Construction would let subcontracts for some of the work. The trial court found that Mann's Construction proved that it entered into a contract with Labor Finders to provide employees in furtherance of its contract with The Ranch Outlet. In this appeal, Mr. Rasmussen claims there is a genuine issue of material fact about whether there was a contract between Labor Finders and Mann's Construction. There is an invoice issued by Labor Finders to Mann's Construction for the workers provided which included "Account Terms." Also, a representative of Labor Finders stated that Mann's Construction was required to fill out a credit application, which Labor Finders considered a contract. However, there is no written contract between Labor Finders and Mann's Construction. The invoices show only that certain employees, including Mr. Rasmussen, had been at the job site for a certain number of hours.

Mr. Rasmussen argues that a written contract with specific language is required for the "two contract" defense to be applicable. Subsection A(2) of the statute does not impose such a requirement. In fact, Subsection A(3) specifically states that a written contract is required "[e]xcept in those instances covered by Paragraph (2) of this Subsection." Nevertheless, for the two contract theory to be applicable, Mann's Construction must prove the existence of a second contract. We find that the evidence submitted on the motion for summary judgment is insufficient to prove the existence of a contract.

We find that there is a genuine issue of material fact about the existence of a contract between Labor Finders and Mann's Construction. Thus, summary judgment is not appropriate. The judgment of the trial court is reversed, and the case is

3

remanded for further proceedings. Costs of this appeal are assessed to Mann's Construction.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.